IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Freddie J. Wells,                    )
                                     )
            Petitioner,              )    C.A. No. 4:06-1965-HMH-TER
                                     )
        vs.                          )    **OPINION & ORDER**
                                     )
South Carolina Department of Probation )
Parole and Pardon,                   )
                                     )
            Respondent.              )

This matter is before the court with the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Freddie J. Wells ("Wells") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

On July 7, 2006 Wells filed the instant § 2254 petition.[2] On August 17, 2006, the Respondent filed a motion for summary judgment. Magistrate Judge Thomas E. Rogers filed an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Wells of the consequences of failing to respond to the Respondent's motion. On October 3, 2006, Magistrate Judge Rogers advised petitioner to respond to the motion for summary judgment

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] See Houston v. Lack, 487 U.S. 266 (1988).

1

within ten days of the date of the order or his case was subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Nonetheless, Wells failed to respond. Accordingly, in his Report and Recommendation, Magistrate Judge Rogers recommends dismissing Wells' § 2254 petition for failure to prosecute. Wells filed objections to the Report and Recommendation.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

In his objections, Wells alleges that he responded to the Respondent's motion for summary judgment and presented his response to jail officials for mailing. Further, Wells alleges that he "adamantly will prosecute and has comply [sic] with the orders of the court." (Objections 2.) While Wells has yet to address the merits of the Respondent's motion for summary judgment, he has unambiguously asserted his wish to pursue his petition. As such, the court finds that a dismissal pursuant to Federal Rule of Civil Procedure 41(b), which acts as an adjudication on the merits and is the most severe sanction on a party who delays in responding, is an overly harsh response at this time. Wells has shown an interest in pursuing his claims, and no prejudice has been shown to the Respondent for Wells' delay. See Bush v. United States Postal Serv., 496 F.2d 42, 44 (4th Cir. 1974) (noting that dismissal under Rule

41 is a matter of judicial discretion and that sanctions less severe than dismissal are preferable.)  Accordingly, the court declines to adopt the Report and Recommendation, and remands the case to the Magistrate Judge.

Wells has fifteen (15) days from the date of this order to file a response to the Respondent's motion for summary judgment.  If Wells fails to respond, his case is subject to dismissal, with prejudice, under Rule 41(b).  **Wells is on notice that a dismissal of his petition with prejudice for failing to respond under Rule 41(b) would serve as an adjudication on the merits and would bar Wells from reasserting his claims.**  If Wells files a response, the Magistrate Judge is directed to consider the merits of the Respondent's motion for summary judgment and Wells' response and make a recommendation to this court.

Therefore, it is

**ORDERED** that the case is remanded to the Magistrate Judge.  It is further

**ORDERED** that Wells shall have fifteen (15) days from the date of this order to file a response to the Respondent's motion for summary judgment.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
November 6, 2006