

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| FREDDIE J. WELLS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:06-1965-HFF-TER |
| | § | |
| SOUTH CAROLINA DEPARTMENT OF | § | |
| PROBATION PAROLE AND PARDON, | § | |
| | § | |
| Respondent. | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a habeas corpus petition brought pursuant to 28 U.S.C. § 2241. Petitioner is proceeding pro se. The matter is before the Court for review of the report and recommendation (Report) of the United States Magistrate Judge suggesting that the Court dismiss the petition, grant Respondent's motion for summary judgment, and deny Petitioner's motion to invade a writ of mandamus. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 15, 2007, and the Clerk entered Petitioner's objections on March 7, 2007. The Court has considered Petitioner's objection memorandum, but finds the objections contained therein to be without merit.

First, the Court finds that Petitioner has failed to exhaust his state court remedies before filing this petition. Additionally, as observed by the Magistrate Judge,

> Based on the South Carolina statutes, petitioner pleaded guilty to a no parole offense and the mandatory CSP was a part of petitioner's sentence. Therefore, these claims as to cruel and unusual punishment and false imprisonment are without merit. The petitioner violated the terms of the CSP on several occasions and pursuant to statute his CSP was revoked. Therefore, petitioner was detained by lawful authority. Thus, petitioner has failed to state facts sufficient to support a claim that requiring his participation in the CSP constitutes cruel and unusual punishment or false imprisonment.

(Report 12). Further, Petitioner's objections to the Magistrate Judge's recommendation regarding the motion to invade a writ of mandamus are without merit. Simply stated, and as noted by the Magistrate Judge,

> In order for a law to be prohibited by the ex post facto clause, two elements must be present: (1) The law must be retrospective so as to apply to events occurring before its enactment; and (2) the law must disadvantage the offender affected by it. As discussed above, the South Carolina's "no parole offense" classification system went into effect on January 1, 1996. As part of the same legislation, S.C. Code § 24-21-560 created the CSP to be operated by the Department of Probation, Parole, and Pardon Services. Petitioner was convicted of Felony DUI causing death which was classified as a "B-felony" which was a "no parole offense" on the date it was committed and the mandatory CSP was a part of the sentence. Thus, the statute was not retrospective.

(Report 13).

Accordingly, after a thorough review of the Report, the objections, and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that (1) Respondent's motion for summary judgment be **GRANTED**; (2) Petitioner's motion to invade a writ of mandamus be **DENIED**; and (3) the petition be **DISMISSED**.

**IT IS SO ORDERED**.

Signed this 22nd day of March, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within **thirty (30)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.